UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
YAHYA AS-SAKAF,

                Petitioner,

     -against-

WILLIAM LEE, Superintendent of Green Haven Correctional Facility,

                Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 99-CV-8610 (FB)

*Appearances:*
*For the Petitioner:*
YAHYA AS-SAKAF, *pro se*
#90-A-2379
Green Haven Correctional Facility
594 Route 216
Stormville, NY 12582

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney, Kings County
By: SETH M. LIEBERMAN, ESQ.
Assistant District Attorney
350 Jay Street
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Yahya As-Sakaf asks for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, arguing that this Court erred by declining to apply equitable tolling and dismissing his 28 U.S.C. § 2254 petition as time-barred. For the reasons stated below, As-Sakaf's motion is denied.

### I.

        A jury found As-Sakaf guilty of two counts of murder, two counts of attempted murder, and two counts of criminal possession of a weapon, and he was

sentenced by the Kings County Supreme Court on February 22, 1990.[1] On October 25, 1999, As-Sakaf filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, which this Court denied as time-barred. *See* Mem. & O. of Mar. 7, 2002. The Second Circuit denied As-Sakaf's motion for a certificate of appealability and dismissed his appeal on the ground that his *habeas* petition was indeed untimely filed. *See* O. of Aug. 6, 2003. On August 6, 2012, As-Sakaf filed the present motion.

## II.

Rule 60(b)(6) permits courts to "vacate judgments whenever such action is appropriate to accomplish justice." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 60(b)(6). Such relief requires "extraordinary circumstances," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012), and must be sought "within a reasonable time," Fed. R. Civ. P. 60(c)(1). As-Sakaf's motion does not satisfy either of these requirements.

As-Sakaf's primary argument is that *Maples v. Thomas*, 132 S. Ct. 912 (2012), justifies vacating the judgment dismissing his *habeas* petition since his "jailhouse lawyer" abandoned him by failing to file his petition within the limitations period. "[A] change in decisional law rarely constitutes the 'extraordinary circumstances' required to prevail on a Rule 60(b)(6) motion." *Stevens*, 676 F.3d at 69. Here, *Maples* does not provide any basis

---

[1] As-Sakaf was sentenced to the following: (1) consecutive terms of imprisonment of twenty-five years to life on each of the murder counts; (2) eight-and-one-third to twenty-five years on each of the attempted murder counts; and (3) terms of imprisonment of five to fifteen years on one criminal possession count and two-and-one-third to seven years on the other criminal possession count, to run concurrently with each other and the other sentences.

for vacating the judgment. In *Maples*, the petitioner's attorneys left their firm but did not withdraw as counsel of record, obtain substitute counsel, or arrange for the petitioner to personally receive notices from the court. 132 S. Ct. at 916–17. The Supreme Court held that the petitioner had "shown ample cause . . . to excuse the procedural default into which he was trapped when counsel of record abandoned him without a word of warning." *Id.* at 927. The Court distinguished abandonment from the typical claim of attorney error. *See id.* at 923 (citing *Holland v. Florida*, 130 S. Ct. 2549, 2567-68 (2010) (Alito, J., concurring)).[2]

By contrast, As-Sakaf does not provide any detailed allegations. To obtain equitable tolling, a defendant must establish that he "pursu[ed] his rights diligently" and "that some extraordinary circumstance stood in his way." *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As-Sakaf's vague assertions fail to explain how his jailhouse lawyer's conduct led to the late filing, how that amounts to abandonment, and why that qualifies as extraordinary. *See e.g.*, Petr.'s Aff. 5 ("This jailhouse lawyer obviously did not know what he was doing."); *id.* ("[I]f jailhouse lawyer had ever had any intention of performing the services that he had promised . . . , he could certainly have filed an AO 241 habeas form prior to the expiration of the one-year deadline."); *see also Rivas*, 687 F.3d at 538-39. Moreover, *Maples* involved a petitioner who was represented by actual lawyers, whereas As-Sakaf sought the assistance of a jailhouse lawyer. Even assuming *arguendo* that the

---

[2]Although *Maples* dealt with cause for a procedural default, the same standard applies in the tolling context. *See Rivas v. Fischer*, 687 F.3d 514, 538 & n.33 (2d Cir. 2012) ("[I]n order to rise to the level necessary to constitute an 'extraordinary circumstance,' for purposes of tolling § 2254's limitation period, attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." (citing *Holland*, 130 S. Ct. at 2564-65, and *Maples*, 132 S. Ct. at 923 & n.7)).

holding in *Maples* encompasses conduct by jailhouse lawyers, As-Sakaf's motion still fails because he has not demonstrated conduct that is extraordinary or that amounts to abandonment. *See Hamilton v. Warden of Clinton Corr. Facility*, 573 F. Supp. 2d 779, 781 (S.D.N.Y. 2008) ("Hamilton had ultimate responsibility for managing the preparation and timely filing of his habeas petition, and neither his entrusting some aspect of it to [an inmate law clerk], or his own ignorance of the filing deadlines, constitutes sufficient 'extraordinary circumstances' to warrant equitable tolling."). Accordingly, As-Sakaf has not established an extraordinary circumstance that warrants Rule 60(b)(6) relief.

The remainder of As-Sakaf's arguments likewise lack merit. As-Sakaf vaguely cites to *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), as bases for relief. These cases, however, address the right to effective assistance of counsel during the plea-bargaining process but do not recognize such a right in post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 756 (1991); *Murden v. Artuz*, 497 F.3d 178, 194 (2d Cir. 2007).

As-Sakaf also asserts that he is entitled to tolling because he did not understand the law. This reason does not constitute an "extraordinary circumstance." *See Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000); *Francis v. Miller,* 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002). Further, As-Sakaf offers no explanation as to why he waited more than ten years after this Court's decision before seeking relief on this basis. Thus, he has not raised this claim within a "reasonable time." *See Truskoski v. ESPN*, 60 F.3d 74, 77 (2d Cir. 1995) (finding that an 18-month delay was not "a reasonable time").

Finally, As-Sakaf alleges that he did not comply with the deadline because

4

his primary language is Arabic; however, he does not explain "how severe an obstacle" this was and whether he made "all reasonable efforts to obtain assistance to mitigate his language deficiency." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008).

Therefore, As-Sakaf has not demonstrated any entitlement to relief.

### III.

As-Sakaf's motion is denied. As he has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 18, 2013

5